UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02572

**Vargas Cervantes,**
*Petitioner,*

v.

**Vergara, et al.,**
*Respondents.*

## ORDER

Javier Vargas Cervantes is a native and citizen of Mexico currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for a writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against transfer outside this Court's jurisdiction while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States without inspection on or about January 26, 2006. On or about November 1, 2025, Petitioner was detained by federal immigration officials following a traffic stop. Petitioner is currently detained by Respondents at the T. Don Hutto Detention Center in Taylor, Texas. Petitioner was ordered removed to Mexico on March 23, 2026. Petitioner appealed, and his appeal is pending.

On September 18, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against transfer outside this Court's jurisdiction

while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful, and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and

Nationality Act and its implementing regulations, his status as a member of a "bond eligible" class, and is unconstitutionally prolonged pursuant to *Zadvydas v. Davis*.[1] His arguments, however, fail.

Petitioner is incorrect that the length of his detention violates *Zadvydas v. Davis*. In *Zadvydas*, the aliens were detained pursuant to final orders of removal. *See* 533 U.S. at 682. Petitioner admits his removal order is not administratively final because his appeal is pending. Pet. at ¶ 36 (ECF No. 1); *see also* 8 U.S.C. § 1231(a)(1)(B). Petitioner is thus not subject to a final removal order, and *Zadvydas* does not apply. But even if Petitioner was subject to a final removal order, *Zadvydas* would not require his release.

"[A]n alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. "The alien bears the initial burden of proof in showing that no such likelihood of removal exists." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006) (citing *Zadvydas*, 533 U.S. at 701). Petitioner has not pled facts showing "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future," so *Zadvydas* does not require his release. *Zadvydas*, 533 U.S. at 701; *see Andrade*, 459 F.3d at 543–44 (finding conclusory allegations suggesting an alien will not be immediately removed following the

---

[1] Petitioner discusses the circumstances surrounding his arrest but does not raise unlawful arrest as a claim for relief. Even if he had, he would not be entitled to release because "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). "Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest." *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026)).

resolution of his appeals insufficient to fulfill the alien's initial burden of showing no likelihood of removal exists).

Petitioner's remaining arguments also do not require his release. Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[2] For the reasons set forth in Parts I–III and V of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside this Court's jurisdiction. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order enjoining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful.

[2] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied. *See, e.g.*, *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (denying a petitioner's request for an injunction against transfer outside the district).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on October 8, 2026.*

ANDREW DAVIS
United States District Judge